**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO. 7:26-cv-00082 |
| | § | |
| 1.295 ACRES OF LAND, MORE OR | § | |
| LESS, SITUATE IN STARR COUNTY, | § | |
| STATE OF TEXAS; AND GLORIA IRENE | § | |
| RODRIGUEZ, et al.; | § | |
| | § | |
| *Defendants.* | § | |

**OPPOSED MOTION OF THE UNITED STATES OF AMERICA**
**FOR ORDER OF IMMEDIATE POSSESSION**

The United States of America ("United States") moves for an order requiring all Defendant(s) to this action and all persons in possession or control of the property described in the Complaint and Declaration of Taking to immediately surrender possession of the condemned estate to the United States.

## I. INTRODUCTION

The United States requests an order granting immediate possession of the condemned estate. Congress provided funding for border barrier along the southwest border in the Rio Grande Valley Sector. *See* Consol. Appropriations Act, 2021, Pub. L. 116-260, div. F, tit. II, 134 Stat. 1452, (2020). On January 20, 2025, President Trump issued an Executive Order directing the Secretary of the Department of Homeland Security to take all appropriate action, including construction of physical barriers, to secure the southern border of the United States. *See* Exec. Order No. 14165, 90 Fed. Reg. 8467 (2025). The United States plans to construct border barrier

in Starr County, Texas that Congress specifically designated to be constructed in the Rio Grande Valley, and the identified tract listed in the above styled and numbered cause is a part of the project. As explained below, time is of the essence. Accordingly, the United States respectfully requests this Court to enter an Order of Immediate Possession.

## II. BACKGROUND FACTS

On February 18, 2026, the United States filed a Complaint in Condemnation against 1.295 acres of land situate in Starr County, Texas and identified as tract RGV-RGC-8026 ("Subject Property).[1] The estate taken is a fee simple interest, subject to existing easements for public roads and highways, public utilities, railroads, and pipelines, and subject to all interests in mineral and appurtenant rights for the exploration, development, production, and removal of said minerals; excepting and excluding all interests in water rights and water distribution and drainage systems, if any, provided that any surface rights arising from such water rights or systems are subordinated to the United States' construction, operation, and maintenance of the border barrier.

Pursuant to the Declaration of Taking Act, 40 U.S.C. § 3114, and Federal Rule of Civil Procedure ("Rule") 71.1 (formerly Rule 71A), the United States filed a Complaint,[2] Declaration of Taking,[3] and deposited $36,490.00 (thirty-six thousand, four hundred ninety dollars and 00/100) in the Registry of the Court[4] as estimated just compensation to acquire a fee simple interest in the Subject Property. The United States will use this property to construct, install, operate, and maintain border barrier, including gates and power to operate such gates as well as roads that will be required to construct, operate, and maintain the border barrier. *See* Declaration of Taking,

---

[1] Dkt. No. 1.
[2] Dkt. No. 1.
[3] Dkt. No. 2.
[4] Dkt. No. 6.

Schedules "B" and "D".[5] The Fiscal year 2021 Department of Homeland Security Appropriations Act appropriated funding to acquire the interest sought in this action.  *See* Declaration of Taking, Schedule "A;"[6] *see also* Consolidated Appropriations Act, 2021, Pub. L. 116-260, div. F, tit. II, 134 Stat. 1452 (2020) (appropriating funds).

### III. ARGUMENT AND AUTHORITIES

**A.      The United States is Entitled to Immediate Possession Because it Acquired this Property Under the Declaration of Taking Act.**

The United States initiated this case by filing a Complaint and a Declaration of Taking and depositing estimated just compensation into the Registry of the Court, as required by the Declaration of Taking Act ("Act"), 40 U.S.C. § 3114 (formerly 40 U.S.C. § 258a).  The filing and deposit immediately vest title to the acquired property in the United States. *See* 40 U.S.C. §3114(b)(1).  The Act specifically provides that upon the filing of the declaration of taking, "the court may fix the time within which, and the terms on which, the parties in possession shall be required to surrender possession to the petitioner . . ." 40 U.S.C. § 3114(d)(1).  The purpose of the Declaration of Taking Act is to give the Government immediate possession of the property and give the owner immediate compensation, in the form of estimated compensation, in return for title to the land. *United States v. Miller*, 317 U.S. 369 (1943). As the Court explained,

> [t]he purpose of the statute is twofold. First, *to give the Government immediate possession of the property* and to relieve it of the burden of interest . . ..
> Secondly, to give the former owner, if his title is clear, immediate cash compensation to the extent of the Government's estimate of the value of the property.

*Id.* at 381 (emphasis added).  The transfer of title is immediate upon the filing of the declaration and deposit of estimated just compensation.  *See, e.g.*, *Catlin v. United States*, 324 U.S. 229, 238

---

[5] Dkt. No. 2.
[6] *Id.*

(1945) (holding that a landowner may not delay or prevent the vesting of title by an interlocutory appeal).

The Supreme Court reaffirmed that the Declaration of Taking Act immediately confers to the United States title and a right to possession in *Kirby Forest Industries, Inc. v. United States*, 467 U.S. 1 (1984).  There it reviewed the methods by which the United States may appropriate property, primarily comparing use of a declaration of taking with a "straight-condemnation" proceeding.  *Id.* at 3-5.  In a "straight condemnation," the United States only files a complaint in condemnation and only acquires title after the determination and payment of just compensation. *Id.* at 4.  In contrast, the Court noted that the Declaration of Taking Act is "[a] more expeditious procedure . . .".  *Id*.  The Court held that upon the filing of a declaration of taking and deposit of estimated just compensation, "[t]itle and right to possession thereupon vest immediately in the United States."  *Id.* at 5.  Further distinguishing a "straight-condemnation" case from one brought under 40 U.S.C. § 3114, the Court explained that the adoption of the Declaration of Taking Act was "for the purpose of affording the Government the option of peremptorily appropriating land prior to final judgment, thereby permitting immediate occupancy . . .".  *Id.* at 12.  Finally, as stated in *Narramore v. United States*, Congress enacted the Declaration of Taking Act "[t]o give the Federal Government immediate possession of condemned property and to avoid delays in federal construction projects…".  960 F.2d 1048, 1050 (Fed. Cir. 1992)*.*

Accordingly, because the United States has acquired the property at issue under the Declaration of Taking Act, the United States is entitled to immediate possession of the property. *See Miller*, 317 U.S. at 381; *Kirby Forest Indus.*, 467 U.S. at 5, 12.

**B**.    **The United States Needs Immediate Possession in Order to Meet the Congressional Directive to Construct Fencing in the Rio Grande Valley Sector and the Executive Order to Secure the United States' Southern Border.**

Congress mandated that the Department of Homeland Security ("DHS") achieve and maintain operational control of the international land border between the United States and Mexico. *See* The Secure Fence Act of 2006, Pub. L. 109-367, § 2, 120 Stat. 2638 (Oct. 26, 2006). As part of achieving operational control of the border, Congress provided DHS with funding for this project with the most recent being $1.375 billion dollars in fiscal year 2020. *See* Consol. Appropriations Act, 2021, Pub. L. 116-260, div. F, tit. II, 134 Stat. 1452, (2020). On January 20, 2025, President Trump signed Executive Order 14165, directing the Secretary of the Department of Homeland Security to "take all appropriate action to deploy and construct temporary and permanent physical barriers to ensure complete operational control of the southern border of the United States." *See* Exec. Order No. 14165, 90 FR 8467 (2025).

Consistent with Congress's mandate that DHS achieve and maintain operational control of the border and the President's Executive Order, the United States is requesting immediate possession of the Subject Property. The construction of border barrier on the Subject Property is needed to improve security along the border of the United States. More specifically, the United States needs immediate possession in order to begin construction, installation, operation and maintenance of a border barrier, including gates, power lines and roads in Starr County, Texas.

The United States has awarded task orders and issued notices to proceed with material acquisition, fabrication, construction, and other activities related to border barrier construction. Construction contracts for the Subject Property have already been awarded and construction will begin upon the acquisition of land necessary for this project. Under the Declaration of Taking Act, the United States is entitled to immediate possession of the condemned estate once the Declaration of Taking is filed and the estimate of just compensation is deposited with the Court. *United States v. Miller*, 317 U.S. at 381; *see also Kirby Forest Industries, Inc. v. United States* 467 U.S. at 5.

The United States has already completed the filing and deposit. Furthermore, transfer of possession will not impact the landowners' right to contest just compensation at a later date, but it will allow the United States the opportunity to complete the necessary construction to satisfy Congress' mandate and comply with the President's Executive Order to enhance the security at this nation's southern border.  In addition, the United States will incur significant monetary penalties arising from a delay in construction if possession to the Subject Property is not transferred promptly.

Because of the United States' demonstrated need for immediate access, this Court should grant immediate possession of the interest sought.

## IV. CERTIFICATE OF CONFERENCE

On March 4, 2026, Plaintiff conferred with the Starr County Tax Assessor who advised they are unoppposed to this Motion.  On March 9, 2026, Plaintiff conferred with Orlando Rodriguez who speaks on behalf of Gloria Irene Rodriguez, Alejandro Eloy Rodriguez, Aaron Gabriel Rodriguez, Armando Rodriguez, Minerva Martinez, and Gloria Rodriguez.  He advised they are opposed to this Motion. Therefore, Plaintiff is filing this Motion as opposed.

## V. CONCLUSION

Based on the foregoing, the United States submits that it is entitled to the entry of an order of immediate possession and requests that the Court grant this motion and enter an order of possession giving the United States immediate possession of the condemned estate described in Schedule E of the Declaration of Taking.[7]

---

[7] Dkt. No. 2.

Respectfully submitted,

**JOHN G.E. MARCK**
Acting United States Attorney
Southern District of Texas

By:    **s/ *Hilda M. Garcia Concepcion*___**
**HILDA M. GARCIA CONCEPCION**
Assistant United States Attorney
S.D. Tex. ID. No. 3399716
1000 Louisiana, Suite 2300
Houston, Texas 77002
Telephone: 713)567-9529
Facsimile: (713) 718-3300
E-mail: Hilda.garcia.concepcion@usdoj.gov
Attorney-in-Charge for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 21, 2026, a copy of the foregoing was served on all parties in accordance with the Federal Rules of Civil Procedure.

By:    *s/ Hilda M. Garcia Concepcion*
**HILDA M. GARCIA CONCEPCION**
Assistant United States Attorney