**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO. 7:26-cv-00082 |
| | § | |
| 1.295 ACRES OF LAND, MORE OR | § | |
| LESS, SITUATE IN STARR COUNTY, | § | |
| STATE OF TEXAS; AND GLORIA IRENE | § | |
| RODRIGUEZ, et al.; | § | |
| | § | |
| *Defendants.* | § | |

I, PAUL ENRIQUEZ, hereby declare as follows:

1.      I am employed as the Acquisition Program Manager, Wall Program Management Office, U.S. Border Patrol Program Management Office Directorate, U.S. Border Patrol, U.S. Customs and Border Protection, Department of Homeland Security.  I make this declaration based on my personal knowledge of the matters recited, or based upon information available to me from the files maintained by my office in this matter.

2.      Congress provided funding for the construction of border barrier along the southwest border in the Rio Grande Valley Sector. The United States plans to construct border barrier in the Rio Grande Valley Sector in Starr County, Texas.  The tract identified in this case is part of the project.  The United States needs immediate possession of the subject property in order construct, install, operate, and maintain border barrier, including gates and power to operate such gates as well as roads that will be required to construct, operate, and maintain border barrier.

1

3.      The Act of Congress approved on December 27, 2020, as Public Law 116-260, div. F, tit. II, 134 Stat. 1452 ("Consolidated Appropriations Act of 2021") appropriated the funds that shall be used for this taking.

4.      The subject land in this taking lies in close proximity to the United States/Mexico border.

5.      Pursuant to its delegated authority, U.S. Customs and Border Protection, Department of Homeland Security has determined that the subject land is an appropriate location for infrastructure, access roads, and staging and work areas needed for construction of border barrier, which will be practical and effective in securing the border and deterring smuggling and illegal entry.

6.      The United States requires prompt access to the subject land so that it can begin the foregoing border barrier construction.

7.      The United States started construction of the Starr County portion of this project on February 5, 2025.  While the United States has already acquired most of the real estate needed for the project, it cannot begin construction of any one segment of planned border barrier until it possesses contiguous tracts of land long enough to justify the necessary commitment of personnel and resources for barrier construction at that specific location.  The subject property adjoins other tracts of land already owned and possessed by the United States, and the United States' lack of possession of the subject property is preventing barrier construction on a segment that includes those additional tracts.  The United States cannot construct border barrier as directed by Congress until it has possession of the subject property.  The United States has fully met its obligation to negotiate with the landowner(s) in good faith but has been unable to come to an agreement with the landowner(s) regarding this matter.

2

8.      The United States will incur significant monetary damages arising from delayed start of construction if possession of the subject land is not obtained promptly.

9.      The national security interests of the United States will be harmed if possession of the subject land is not obtained promptly.

Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this __4th___ day of ____March_____, 2026, in Washington, D.C.


_____

PAUL ENRIQUEZ
Acquisition Program Manager
U.S. Border Patrol Program Management Office
Directorate
U.S. Border Patrol
U.S. Customs and Border Protection
Department of Homeland Security